UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER GRIMSLEY,

    Plaintiff,

v.

JAMIE MILLER, et al.,

    Defendants.

Case No. 23-cv-03722 BLF (PR)

**ORDER DENYING MOTIONS AS MOOT; DENYING MOTION FOR RECONSIDERATION**

(Docket Nos. 2, 3, 4, 11)

Plaintiff, a state prisoner currently incarcerated at the Snake River Correctional Institution in Ontario, Oregon, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 *et seq.* alleging a conspiracy of "manstealing & human trafficking" him between facilities within the State of Oregon by more than two dozen Oregon defendants, including Nike and Dreyer's Grand Ice Cream. Dkt. No. 1. The Court that venue was improper in this district, and transferred the matter to the District of Oregon. Dkt. No. 9 at 1-2, *citing* 28 U.S.C. §§ 117, 1391(b), 1406(a). The matter was transferred to the District of Oregon on July 31, 2023. *Id.* Accordingly, Plaintiff's motions filed under Docket Nos. 2, 3, and 4 should be terminated as moot.

Plaintiff filed a motion for reconsideration, asserting that venue is a matter of defense and need not be alleged in the complaint, and that he does not consent to the

transfer. Dkt. No. 11 at 1. Although it is true that venue can be waived, it is also within the district court's discretion to dismiss a case or transfer it to the proper federal court "in the interest of justice" where a case is filed in the wrong venue. 28 U.S.C. § 1406(a). Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Accordingly, the motion for reconsideration is DENIED.

This order terminates Docket Nos. 2, 3, 4, and 11.

**IT IS SO ORDERED.**

Dated:  __August 29, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motions as Moot; Denying Recon
PRO-SE\BLF\CR.23\03722Grimsley_mots

2